**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Misael RODRIGUEZ,**
**Defendant–Appellant.**

**No. 89–5443.**

United States Court of Appeals,
Eleventh Circuit.

July 10, 1990.

Although we are inclined to think that such a per se rule would not be consistent with the intent of the guidelines, it is not necessary to address the question in this case. A review of the record reveals that the sentencing judge did not treat the *Alford* plea as an automatic bar to an adjustment for acceptance of responsibility, but rather considered the plea along with other appropriate evidence in denying the reduction. We affirm.

Apparently involved in an international money laundering scheme, defendant Misael Rodriguez picked up a suitcase containing over $250,000 in U.S. currency from an unnamed contact in Houston, and carried it with him on a flight to Miami. Rodriguez checked into a hotel under the name of an associate, Moises Tuaty, and awaited instructions from Tuaty (who was in Colombia) as to how to deposit this money in various Florida bank accounts. By splitting the money into several small deposits, Rodriguez planned to avoid federal reporting requirements attaching to deposits of $10,000 or more. *See* 31 U.S.C.A. § 5313. Federal agents foiled the scheme by intercepting Rodriguez at the hotel. He was later charged with conspiracy to defraud the federal Government and with structuring bank transactions to avoid the reporting requirements. 18 U.S.C.A. § 371; 31 U.S.C.A. § 5324(3).

Rodriguez decided to plead guilty to the conspiracy charge in return for the Government's agreement to dismiss the substantive count. At the plea hearing before U.S. District Judge Edward B. Davis, Rodriguez admitted the factual basis for the plea proffered by the Government, but claimed that he did not know that what he was doing for Tuaty was illegal. After a recess, Rodriguez clarified that he wished to plead guilty to the conspiracy charge despite his claim that he did not realize that the multiple deposits violated federal law. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), authorized the

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., Carol Tapor and Dave Lee Brannon, Asst. Federal Public Defenders, West Palm Beach, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Carol A. Wilkinson, Linda Collins–Hertz and Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HATCHETT, Circuit Judge, RONEY *, and FAIRCHILD **, Senior Circuit Judges.

PER CURIAM:

Defendant Misael Rodriguez argues on this appeal that the district court improperly held that he could not obtain a reduction of his offense level for "acceptance of responsibility" under the federal Sentencing Guidelines, U.S.S.G. § 3E1.1, because he pled guilty while maintaining his innocence under what is known as an *"Alford* plea."

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

acceptance of a guilty plea even when a defendant maintains that he is innocent.

Section 3E1.1(a) of the Sentencing Guidelines provides: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." Section 3E1.1(b) adds: "A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial." A defendant may plead not guilty to the charge, be convicted at trial, and still recognize and accept personal responsibility for his conduct for purposes of sentencing. *See United States v. Fleener*, 900 F.2d 914 (6th Cir.1990) (defendant who relied on entrapment defense at trial properly awarded reduction); *United States v. Big Crow*, 898 F.2d 1326 (8th Cir.1990) (defendant who relied on intoxication as defense to intent element of offense properly awarded reduction). Contrariwise, a defendant may plead guilty to the offense charged without demonstrating such an acceptance of responsibility. *See* § 3E1.1 application note 3 (guilty plea by itself does not entitle defendant to reduction).

A U.S. Probation Officer recommended in the presentence report that the court award Rodriguez a reduction of two points from his offense level for acceptance of responsibility for the offense. The Government opposed this award. At the sentencing hearing, U.S. District Judge Eugene P. Spellman asked the probation officer whether the fact that Rodriguez had entered an *Alford* plea would change this recommendation, and the officer replied that it probably would. After argument by both Rodriguez's counsel and the Government on the matter, Judge Spellman decided not to grant the reduction. He explained this decision through his finding that Rodriguez was sophisticated enough to realize that his actions in structuring these transactions violated federal law. Judge Spellman focused this finding on the fact that Rodriguez admitted that he had previously performed a similar splitting of deposits for Tuaty.

Although he may have considered the proposition, the sentencing judge did not rule that Rodriguez's *Alford* plea automatically deprived him of an award for acceptance of responsibility under § 3E1.1. Rodriguez brought to the court's attention facts, such as his voluntary forfeiture of the money, his provision of information relating to the crime to the authorities, and his acknowledgement at the time of arrest that he may have done something wrong, that supported the recommended award. *See* § 3E1.1 application note 1 (noninclusive list of appropriate factors bearing on application of this section). Judge Spellman weighed these facts against the contrary evidence, including Rodriguez's history of prior bank transactions, suggesting that Rodriguez knew of the requirements of the law and actively attempted to avoid them. It appears that Judge Spellman also considered the fact that Rodriguez refused to admit that he acted with intent to break the law, as evidence tending to show that Rodriguez had not fully accepted responsibility for the offense. Nothing in the guidelines precludes the district court from considering this fact under § 3E1.1. If an unqualified guilty plea can serve as evidence of a defendant's acceptance of responsibility, *see* § 3E1.1 application note 3, then logically the qualifications a defendant states in his guilty plea may be evidence that he has not fully recognized and accepted personal responsibility for the crime.

In short, we are convinced that Judge Spellman's determination not to reduce the offense level for acceptance of responsibility was based on the facts as developed in the presentence report and at the sentencing hearing, not on the view that Rodriguez was automatically ineligible because of his *Alford* plea. This determination is entitled to great deference by this court, and is adequately supported by the record. *E.g., United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989) (per curiam).

AFFIRMED.