**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Rudolph CRUZ, Defendant–
Appellant.**

**No. 90–5871
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 30, 1991.

---

James R. Gailey, Federal Public Defender, Miguel Caridad, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Linda Collins Hertz, Kathleen M. Salyer, Anne Ruth Schultz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY, HATCHETT and ANDERSON, Circuit Judges.

HATCHETT, Circuit Judge.

In this appeal involving the interplay between sections of the Sentencing Guidelines, we reject the appellant's claims and affirm the district court.

Before his arrest in 1990, Michael Rudolph Cruz served as a special agent with the Internal Revenue Service (IRS), Criminal Investigation Division (CID). IRS Agent Michael Anderson asked Cruz to assist with an investigation referred to as "Target." The Federal Bureau of Investigation (FBI) considered Target a major narcotics importer and distributor, and the IRS was investigating Target for tax evasion. Cruz's assistance and involvement in the investigation into Target's illegal activities was limited to his service as a Spanish interpreter. IRS Agent Anderson briefed Cruz on the investigation before Cruz met with a witness and Cruz had the ability and opportunity to examine Target's file.

On February 17, 1990, Cruz met with Target at his business, in Miami, Florida, and offered to provide Target with information relating to the IRS and FBI's investigations in exchange for money. After the meeting, Target contacted his lawyer who in turn notified an Assistant United States Attorney.

On April 6, 1990, a grand jury sitting in the Southern District of Florida indicted Michael Rudolph Cruz in a five-count indictment charging the following: Count I, obstructing justice in violation of 18 U.S.C. § 1503; Count II, bribery by a public official in violation of 18 U.S.C. § 201(b)(2)(C); Count III, stealing government property in violation of 18 U.S.C. § 641; Count IV, extortion by a United States officer or employee in violation of 18 U.S.C. § 872; and Count V, bribery by an IRS agent in violation of 26 U.S.C. § 7214(a)(9). Cruz pleaded guilty to Count II of the indictment pursuant to a written plea agreement.

At sentencing, Cruz argued that the government had not sufficiently established the cocaine amount involved and challenged the applicability of section 2X3.1 of the Sentencing Guidelines. In addition, Cruz argued at sentencing that he was entitled to a two-point reduction for

acceptance of responsibility in accordance with Sentencing Guideline § 3E1.1. Cruz's contentions were fully explored in an evidentiary hearing. After the hearing, the district court found that Cruz knew about the cocaine involved and had contacted Target at his business. Additionally, the district court found that Target was involved with 700 to 800 kilograms of cocaine per month, and therefore, the probation officer had correctly applied the offense level for 1,500 kilograms of cocaine. The district court also denied Cruz's section 3E1.1 request for a two-level reduction for acceptance of responsibility.

Thus, the district court determined that Cruz's final base offense level was thirty-two, and his criminal history category was I. These determinations placed Cruz in the Sentencing Guideline's range of 121 to 151 months of imprisonment. The district court sentenced Cruz to 121 months of imprisonment, three years of supervised release, and a $50.00 assessment.

### ISSUES

■ On appeal, Cruz raises the following two issues: (1) whether the district court was clearly erroneous in its determination as to the amount of cocaine involved in the case; and (2) whether the district court was clearly erroneous in concluding that he had not accepted responsibility under section 3E1.1 of the Sentencing Guidelines.[1]

### DISCUSSION

Cruz contends that the district court was clearly erroneous in its determination as to the cocaine amount involved in the case.

In his view, the court could not make a reasonable approximation because the government did not prove by a preponderance of the evidence sufficient facts to allow the court to make this determination. Cruz argues that because the court unreasonably approximated the cocaine amount, it incorrectly applied section 2X3.1 of the Sentencing Guidelines.

The guidelines for the offense to which Cruz pled guilty, bribery by a public official, are found in section 2C1.1 of the guidelines. Although section 2C1.1(a) sets the base offense level for "bribery by a public official" at ten years, subsection (c)(1) states:

> if the bribe was for the purpose of concealing or facilitating another criminal offense or for obstructing justice in respect to another criminal offense, apply section 2X3.1 (accessory after the fact) in respect to such other criminal offense, if the resulting offense level is greater than that determined above.

U.S.S.G. § 2C1.1(c). Since Cruz's bribe was "for the purpose of concealing or facilitating" the importation and distribution of cocaine, section 2C1.1(c)(1) is triggered and section 2X3.1 must be cross-referenced.

Section 2X3.1(a) states as follows: "Base offense level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30." U.S.S.G. § 2X3.1(a). In order for section 2X3.1 to apply to Cruz, the offense level for the underlying offense must be greater than sixteen in compliance with section 2C1.1(c)(1).[2] Since Target's underlying of-

---

**1.** Cruz does not raise the technical violation of *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990). This court held in *Jones* that

> the district court must give the parties an opportunity not only to resolve the objections contained in the addendum but also—after the court states its factual findings, applies the guidelines, and imposes sentence—to object to the district court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced. This will serve the dual purpose of permitting the district court to correct on the spot any error it

may have made and of guiding appellate review.

*Jones,* 899 F.2d at 1102. In the instant case, *Jones* is applicable to Cruz because the district court summarily concluded the sentencing hearing without giving Cruz the opportunity to object to its ultimate factual findings and legal conclusions. We note the technical violation of *Jones,* but the record is sufficient for meaningful appellate review.

**2.** Section 2C1.1(c)(1) requires that the offense level be greater than ten after the application of section 2X3.1(a) which lowers the underlying offense six levels. Hence, the offense level must be greater than sixteen minus six.

fense involved the unlawful importation, trafficking, and possession of cocaine, section 2D1.1 of the guidelines is applicable in determining the base level for the underlying offense.[3]

■ Since Target's underlying offense relates to a conspiracy or an attempt to commit an offense involving a controlled substance, section 2D1.4 gives the district court the authority to approximate the cocaine amount. Application note 2 of section 2D1.4 states:

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

U.S.S.G. § 2D1.4, comment note 2. This court held in *United States v. Ignancio–Munio* "that due process does not require the government to prove disputed facts at sentencing beyond a reasonable doubt." *United States v. Ignancio–Munio*, 909 F.2d 436, 439 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991). Thus, the government was only required to prove the amount of cocaine involved in Target's underlying offense by a preponderance of the evidence.

■ Section 2X3.1 applies because at the sentencing hearing, the government presented incontrovertible testimony that at one point, Target was dealing in 700 to 800 kilograms of cocaine a month. In addition, the Assistant United States Attorney in charge of prosecuting Target's case, pointed out that although the investigation is still pending, Target is believed to have been involved in the distribution of over 1,500 kilograms of cocaine. The district court could have supported Cruz's thirty base offense level with a factual finding of only 50 kilograms of cocaine.[4] Since the record contains adequate evidence that Target distributed 700 to 800 kilograms of cocaine in a month, Cruz's contention that he should not have been exposed to the maximum level allowed by section 2X3.1 is without merit. The uncontroverted testimony regarding Target's distribution of 700 to 800 kilograms of cocaine per month; the Assistant United States Attorney's statement that Target was involved in the distribution of over 1,500 kilograms of cocaine; and the millions of dollars in narcotics proceeds attributed to Target provided a sufficient basis for the court's factual finding that 1,500 kilograms of cocaine was involved.

This court held in *United States v. Wilson* that the district court's finding as to the amount of drugs involved in a particular offense is a factual determination which must be affirmed unless it is clearly erroneous. *United States v. Wilson,* 884 F.2d 1355, 1357 (11th Cir.1989). Cruz has failed to establish that the district court's factual finding was clearly erroneous, and his argument that section 2X3.1 should not have been applied fails.

■ Finally, Cruz contends that his guilty plea renders the district court's factual finding that he did not accept responsibility in compliance with section 3E1.1 of

---

**3.** Under section 2D1.1, possession of 100 grams of cocaine carries a base offense level of sixteen. The government must fail to prove that at least 100 grams of cocaine were involved in Target's underlying offense in order for Cruz to succeed in his argument that section 2X3.1 is not applicable. The government's failure to establish the involvement of at least 100 grams of cocaine would yield a base offense level equal to or less than ten after the application of section 2X3.1. Since the resulting offense level would not be greater than the base offense level of ten, section 2C1.1(c)(1) would prevent the application of section 2X3.1.

**4.** Cruz's base offense level was thirty before the two-point adjustment in accordance with section 3B1.3 which states, "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission of concealment of the offense, increase by two levels." U.S.S.G. § 3B1.3.

Under section 2D1.1, possession of fifty kilograms of cocaine carries a base offense level of thirty-six which would be reduced to thirty upon the application of section 2X3.1.

the Sentencing Guidelines clearly erroneous. Although section 3E1.1(a) states, "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by two levels," subsection (c) states, "a defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. § 3E1.1. Nevertheless, an unqualified guilty plea combined with a truthful admission of involvement in the offense can constitute significant evidence of the acceptance of responsibility. *See* § 3E1.1 application note 3; *United States v. Rodriguez,* 905 F.2d 372, 374 (11th Cir.1990). Since the burden of proof as to the entitlement to this reduction rests with Cruz, he must present more to demonstrate that he has accepted responsibility. *See United States v. Wilson,* 884 F.2d 1355, 1356 (11th Cir.1989).

■ In order to satisfy his burden, Cruz argues that in addition to pleading guilty, he cooperated with the IRS and FBI's investigation of persons believed to be stealing seized money. However, this court has held that a defendant's cooperation with the government does not automatically entitle him to a reduction for acceptance of responsibility. *See United States v. Castillo–Valencia,* 917 F.2d 494, 500 (11th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1321, 113 L.Ed.2d 253 (1991). Cruz must still present more to demonstrate that he has accepted responsibility in accordance with section 3E1.1.

■ In his final attempt to satisfy his burden, Cruz contends that nothing in the record indicates that he was less than truthful with the government or the court in his testimony. This court held in *Castillo–Valencia,* that

> because demonstration of whether or not the defendant has personally accepted the responsibility for his criminal conduct requires a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be overturned unless it is without foundation.

*Castillo–Valencia,* 917 F.2d at 500. The record demonstrates that the district court

was concerned with Cruz's demeanor and sincerity. The court commented that "Mr. Cruz seems to be taking this in a rather light fashion today." (R.2:19). Section 3E1.1 application note 5 states:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

U.S.S.G. § 3E1.1 application note 5; *see United States v. Pritchard,* 908 F.2d 816, 824 (11th Cir.1990).

In addition, the district court properly considered Cruz's denial of important facts in determining whether or not he was entitled to the two-level reduction for acceptance of responsibility. This court held in *United States v. Rodriguez* that

> if an unqualified guilty plea can serve as evidence of a defendant's acceptance of responsibility, *see* § 3E1.1 application note 3, then logically the qualifications a defendant states in his guilty plea may be evidence that he has not fully recognized and accepted personal responsibility for the crime.

*United States v. Rodriguez,* 905 F.2d 372, 374 (11th Cir.1990). Cruz had the opportunity to present evidence in support of his contentions and to counter the government's evidence, but he failed to take advantage of these opportunities. The determination of whether Cruz is entitled to an acceptance of responsibility reduction is a factual determination which must be affirmed unless it is clearly erroneous. *United States v. Campbell,* 888 F.2d 76, 78 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). The district court's conclusion that Cruz has not accepted responsibility for his conduct is not clearly erroneous.

## CONCLUSION

Accordingly, the district court's judgments are affirmed.

AFFIRMED.