**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter Ludy ANDERSON, a/k/a Kai Young, a/k/a Cory Young, a/k/a Coy Young, a/k/a Tony Romano, a/k/a Gary B. Smith, a/k/a Randolph Sheyldon Womack, Defendant–Appellant.**

No. 93–8195

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1994.

Howard J. Manchel, Atlanta, GA, for defendant-appellant.

Joe D. Whitley, U.S. Atty., James Thomas Martin, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before ANDERSON and BLACK, Circuit Judges, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

Walter Anderson appeals his sentence for conspiracy to import drugs into the United States and possession of a firearm during a drug trafficking crime. Anderson contends that he was entitled to a reduction for acceptance of responsibility because he admitted the charges in the indictment and apologized for his conduct and involvement in the offense. He claims that the court denied him the acceptance-of-responsibility reduction because he exercised his right to object to an enhancement for having a managerial role in the offense. He asserts that although he requested a three-level rather than a four-level increase for having a managerial role in the offense, his request did not constitute a denial of any relevant conduct in the offense.

Because the sentencing judge is uniquely positioned to evaluate the defendant's acceptance of responsibility, we defer to the court's determination and review for clear error. *United States v. Carroll*, 6 F.3d 735, 739 (11th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994). If the defendant clearly demonstrates acceptance of responsibility for the offense, the court may decrease the offense level by two points. United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(a) (Nov. 1992). The defendant bears the burden of showing the entitlement to the reduction and must present more than just a guilty plea to demonstrate that he accepted responsibility. *United States v. Cruz*, 946 F.2d 122, 126 (11th Cir.1991). If the defendant falsely denies or frivolously contests relevant conduct that the court determines to be true, the defendant has not accepted responsibility. U.S.S.G. § 3E1.1, comment. (n. 1) (Nov. 1992).

In denying Anderson the contested reduction, the court found that he did not timely provide the government information regarding his involvement in the offense and that he was incarcerated three months before entering a guilty plea. The court further found that Anderson denied a portion of his relevant conduct and attempted to minimize his role in the criminal activity by falsely stating the period during which he was involved in the conspiracy. The record supports the court's finding that Anderson falsely denied his participation in the whole conspiracy and belies Anderson's claim that the court denied acceptance of responsibility because he exercised his right to object to the enhancement for his role in the offense. Accordingly, we affirm the court's sentence of Anderson.

AFFIRMED.