[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16271
Non-Argument Calendar

_____

D. C. Docket No. 05-00031-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE RASCON DELACRUZ,
a.k.a. Marcos Felipe Rodrigue Delacruz,
a.k.a. Marcos Rodriguez,
a.k.a. Michael Smith Sambrano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2006)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Felipe Rascon Delacruz appeals his 96-month sentence for illegal reentry into the United States following deportation subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We AFFIRM.

## I. BACKGROUND

Delacruz originally entered the United States without inspection in 1981 but encountered Border Patrol agents and was deported to Mexico. He subsequently reentered the United States and was convicted of two counts of burglary of a dwelling in 1986. He received a sentence of one to fifteen years of imprisonment, served one year, and then was deported to Mexico. Four months later, Delacruz again was located in the United States. On July 31, 1987, he was convicted of two counts each of burglary of a dwelling and theft of a firearm. In August 1987, Delacruz was convicted of attempted burglary of a dwelling. He received a sentenced of one to fifteen years of imprisonment for the burglary and theft convictions to run concurrently with a five-year sentence for the attempted burglary conviction. He served for approximately four years and was deported to Mexico in October 1991. In 1997, he again was deported to Mexico following conviction for petit larceny.

In February 2005, Delacruz was arrested for driving without a license.

While being interviewed by the Bureau of Immigration and Customs Enforcement, Delacruz admitted that he was a citizen of Mexico and that he previously had been deported and had not received permission to reenter the United States. In accordance with U.S.S.G. § 2L1.2, the probation officer determined Delacruz's adjusted offense level to be 24, which increased the base offense level of 8 by sixteen levels because of Delacruz's previous deportations for crimes of violence. Delacruz received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which resulted in a total offense level of 21. The probation officer calculated 13 criminal history points, which included three points for each of the three felony convictions in 1987. Delacruz also received one point for each of six convictions of retail, petit, and grand theft, which were counted as only four points under U.S.S.G. § 4A1.1(c). Additionally, the probation officer noted in the Presentence Investigation Report ("PSI") nine other convictions, including a felony burglary conviction in 1986, for which no points were assigned pursuant to U.S.S.G. § 4A1.2(e)(3), requiring a sentence to be within a certain time period to count, and U.S.S.G. § 4A1.2(c)(1), excluding sentences for certain misdemeanor and petty offenses. The 13 criminal history points placed Delacruz in a criminal history category of VI. With this criminal history category and an offense level of 21, the recommended range was 77-96 months of imprisonment.

This range is within the statutory maximum sentence of 20 years. 8 U.S.C. § 1326(b)(2). Delacruz's counsel argued that a criminal history category of VI overstated his criminal history and that a criminal history category of IV or V would be more appropriate.

At the sentencing hearing, Delacruz's counsel explained his request for a downward departure on Delacruz's criminal history category. He argued that the burglary convictions, which were the most serious offenses listed in the PSI, had occurred over fifteen years before and were counted only because Delacruz's incarceration period for those offenses was within fifteen years. Defense counsel contended that his more recent offenses were minor, such as petty theft.

The district judge noted his authority to depart downward under U.S.S.G. § 4A1.3(b) and concluded that downward departure was not warranted. R3 at 6-7. The judge found that the assigned category of VI was appropriate, given Delacruz's history of committing crimes while in the United States unlawfully at various times over a twenty-year period. Id. The judge then adopted the factual statements and application of the Sentencing Guidelines set forth in the PSI.

Delacruz's counsel also argued that the district judge should impose a sentence below the Sentencing Guidelines range and requested a 60-month sentence. The government asked the judge to impose a sentence within the

4

Sentencing Guidelines range and noted Delacruz's prior deportations and criminal history. After hearing these arguments, the judge noted that Delacruz had been deported four times and stated: "In looking at your criminal history, it certainly does not justify a sentence of below the guidelines. If anything, it would justify a sentence toward the high end." Id. at 11. The judge then sentenced Delacruz to 96 months of imprisonment and explained that he had considered the Sentencing Guidelines range and the 18 U.S.C. § 3553(a) factors. Id.

Following the pronouncement of the sentence, the judge repeated that he "imposed a sentence at the high end of the guidelines based upon the Court's consideration of the factors set forth in Title 18, United States Code, Section 3553(a)(1) through (7)." Id. at 13. The judge then advised Delacruz of his right to appeal, asked if there was "anything else," and received negative responses from counsel. Id. at 14-15.

## II. DISCUSSION

On appeal, Delacruz's counsel argues that the 96-month sentence imposed by the district court was unreasonable and greater than necessary to comport with the purpose of § 3553. Defense counsel relies on the arguments he raised at the sentencing hearing as factors indicating the unreasonableness of Delacruz's sentence, particularly focusing on the length of time since the felony convictions

and the minor nature of the subsequent convictions. Delacruz's counsel also states that Delacruz provides financial support for his four children and is willing to undergo treatment for a prior substance abuse problem.

We have held that "'[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citation omitted). Some of the § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the Sentencing Guidelines range, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). The sentencing judge need not state on the record that he or she has explicitly considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). An acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice. Id.

The reasonableness review is "'deferential,'" and the burden of proving that the sentence is unreasonable in view of the § 3553(a) factors rests on the party challenging the sentence. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). We further have held that, although a sentence within the

6

Sentencing Guidelines range will not be considered per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

At the sentencing hearing, the district judge considered Delacruz's arguments regarding his criminal history by his counsel. Nonetheless, the judge imposed a sentence at the high end of the Sentencing Guidelines range because of Delacruz's repeated reentries into the United States following deportation and his twenty-year pattern of criminal activity. The district judge also recognized Delacruz's request to enter a substance-abuse program by ordering him to participate in a treatment program. Thus, the judge's ruling reflects consideration of the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of Delacruz, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and the advisory Sentencing Guidelines range.

Furthermore, the district judge twice explicitly stated that he had considered the Sentencing Guidelines range and the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005) (affirming the defendant's sentence

where the judge clearly considered the § 3553(a) factors).[1]  Additionally, the sentence imposed is well below the statutory maximum sentence of twenty years of imprisonment, and the district judge was bound only by this ceiling.  8 U.S.C. § 1326(b)(2); see, e.g., United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam) (affirming the defendant's sentence as reasonable where, among other considerations, it was one-tenth of the statutory maximum sentence). Therefore, Delacruz has not met his burden of showing that the district court imposed an unreasonable sentence.

### III. CONCLUSION

Delacruz has challenged his 96-month sentence after pleading guilty to unlawful reentry into the United States following deportation after conviction for commission of an aggravated felony in violation of §§ 1326(a) and (b)(2). Because Delacruz did not meet his burden of showing that the district court imposed an unreasonable sentence, his sentence is **AFFIRMED.**

---

[1]  Although the district judge failed to elicit fully articulated objections following imposition of the sentence in accordance with United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled in part on other grounds by United States v. Morrill, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc) (per curiam), he did ask if either party had anything further to add, and they responded negatively.  Delacruz's arguments on appeal were articulated fully to the district judge, and the record before us is sufficient for meaningful appellate review.  United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991).