[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 06-10511 & 06-10512
Non-Argument Calendar

_____

D. C. Docket Nos.
97-00724-CR-SH
99-00287-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO NUNEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 30, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Eduardo Nunez appeals his thirteen month sentence for violating the terms of his supervised release. He claims that he was not given an opportunity to object to his sentence, in violation of the requirements set forth in *United States v. Jones,* 899 F.2d 1097 (11th Cir. 1990), *overruled in part on other grounds*, *United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) *(en banc*) and asks us to remand the case for resentencing. We find that even if a *Jones* violation occurred, the record does not preclude our appellate review. Additionally, we find that the sentence is reasonable, and accordingly we affirm the decision below.

*Background*

In two separate cases, Nunez was convicted for multiple counts of filing false claims for pay ment with the IRS, in violation of 18 U.S.C. § 287, and for failure to appear for a show cause hearing as required by the conditions of his release, in violation of 18 U.S.C. § 3146. He received a three-year term of supervised release in each case.

After testing positive for cocaine shortly thereafter, the terms of his release were modified to include, *inter alia*, requirements that he participate in a community correctional center ("CCC") for ninety days and maintain full-time employment. Subsequently, Nunez again tested positive for cocaine and was sent back to the CCC for a period of up to six months. Before the end of this period,

2

Nunez was discharged from the CCC for failure to participate in the program, leading the government to request that his supervised release be revoked in favor of incarceration with the Bureau of Prisons. At his revocation hearing, Nunez admitted that he had violated the terms of the supervised release, but requested alternatives to incarceration in order to continue medical treatment. The government argued that Nunez had been given several chances to comply with the terms of his supervised release and had failed to do so. The government further argued that the Bureau of Prisons was equipped to address his medical needs. The district court agreed and sentenced Nunez to thirteen months imprisonment. The judge did not elicit objections from the parties after imposing the sentence.

Nunez claims that the sentence was imposed without consideration of his medical condition and is therefore unreasonable. He notes that he did not object to the sentence, but argues that *United States v. Jones* applies to supervised release proceedings and that the district court judge's failure to elicit objections is a violation of its requirements. He asks us to vacate the sentence and remand the case to the district court to give him the opportunity to raise an objection to the reasonableness of the sentence.

*Discussion*

In *Jones*, we exercised our supervisory authority over district courts and

3

"instruct[ed] the district courts to elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." *Jones*, 899 F.2d at 1102. The rule was created to ensure that all objections are raised below and that the grounds for each objection are clearly stated. *Id.* While we will normally vacate sentences imposed in violation of *Jones,* we have held that a technical violation of *Jones* does not require remand when the record is sufficient for review. *See United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991).

We have never explicitly held that *Jones* applies to supervised release proceedings and we need not decide that issue in this case since we find that the record is sufficient for our review. We note that the violations of the terms of Nunez's release were presented to the district court and are largely accepted by Nunez for purposes of this appeal. Additionally, Nunez presented information about his medical condition to the district court judge and it forms part of the record on appeal. Thus, remand is not necessary.

We review a defendant's ultimate sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Winingear,* 422 F.3d 1241, 1246 (11th Cir. 2005). Nunez argues that the district court imposed an unreasonable sentence because it did not refer to the § 3553(a) factors or his health

concerns, focusing instead on his criminal history and whether the government agreed that he should be sentenced to the high end of the Guideline range. He argues that the court should instead have analyzed and accounted for his medical issues in determining his sentence.

A sentence imposed upon the revocation of a supervised release term is reviewed for reasonableness in light of the factors outlined in § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1106-1107 (11th Cir. 2006). Upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain § 3553(a) factors. 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence; and (3) the need for the sentence to provide needed medical care. 18 U.S.C. § 3553(a). We have held that "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005). An indication that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient. *Id.*

In this case, the district court did not explicitly mention the § 3553(a) factors, but they were included in the report and recommendation from the probation officer and were implicated in the arguments of the parties before the court. For instance, the government requested a sentence at the high end of the guidelines in light of Nunez's repeated violations while Nunez sought clemency based on his medical needs. Although they were not mentioned, we are satisfied that the § 3553(a) factors were considered by the court. *See United States v. Thomas,* 446 F.3d 1348, 1357 (11th Cir. 2006) (finding that the district court considered § 3553(a) factors where the parties' arguments and PSI's calculations outlined them).

We additionally find that the district court, in considering these factors, was reasonable in choosing to impose a thirteen month sentence. The sentence falls within the Guidelines range, and we ordinarily expect such sentences to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The court was entitled to find that Nunez's repeated violations outweighed his medical concerns and to sentence accordingly. We therefore affirm.

**AFFIRMED.**