[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15456
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00015-CR-001-WDO-5

UNITED STATES OFAMERICA,

Plaintiff-Appellee,

versus

EDDIE MAE CLEMONS,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

-----------------------------------------------------------------

**(August 21, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Eddie Mae Clemons appeals the 78-month sentence

imposed following her plea of guilty to two counts of bank fraud, in violation of

18 U.S.C. § 1344, and one count of false use of a social security card, in violation of 42 U.S.C. § 408. No reversible error has been shown; we affirm.

Clemons was indicted on 57 counts of bank fraud, one count of false use of a social security card, and one count of aggravated identity theft. In exchange for her guilty plea, the government agreed to dismiss 56 counts of the indictment. The PSI calculated the advisory guideline range to be 27 to 33 months; Clemons agreed with the guidelines calculation. The PSI noted that the sentencing court could consider an upward departure under U.S.S.G. § 4A1.3 if it determined that the criminal history category did not adequately reflect the seriousness of Clemons's past criminal record or the likelihood that she would commit other crimes. Much of Clemons's 40-plus-year record of criminal acts involved behavior similar to the conduct at issue in this case; many of these prior convictions received no criminal history points. The PSI also noted that the sentencing court could depart upward under U.S.S.G. § 5K2.21 to reflect the actual seriousness of the offense based on conduct dismissed as part of the plea agreement. Clemons objected that her criminal history was adequately reflected and warranted no upward departure.

At the sentencing hearing, the government argued that Clemons's criminal history under the guidelines failed to reflect adequately her extensive criminal

history; the number of convictions Clemons had from age 21 to her present age of 63 -- most of which incurred sentences of no more than 30 days -- failed to reflect the seriousness of her criminal conduct and, absent an upward departure, provided insufficient punishment. Clemons argued that the guideline range of 27 to 33 months was appropriate and reasonable under the 18 U.S.C. § 3553 factors, taking into account her age and medical problems.

The sentencing court noted that Clemons had been sentenced no fewer that 54 times for various offenses, most of which involved bad checks and theft by deception and fraud. After considering Clemons's background and extensive prior record, the sentencing court concluded that Clemons's criminal history category substantially under-represented the seriousness of her criminal history and the likelihood that she would commit other crimes. The court determined that an increase of eight levels -- to a total offense level of 19 -- was appropriate. This yielded a guideline range of 63 to 78 months.

The sentencing court also considered the section 3553 factors and concluded that those factors supported an enhanced sentence. Of particular concern to the sentencing court was the need to craft a sentence that afforded adequate deterrence to criminal conduct, protected the public from further crimes

3

by Clemons, and reflected the nature and circumstances of the offenses and Clemons's history and characteristics. A sentence of 78 months was imposed.[*]

Clemons maintains that the sentencing court abused its discretion and imposed an unreasonable sentence when, pursuant to U.S.S.G. § 4A1.3, it departed upwards from the advisory range based on the inadequacy of the criminal history category. Clemons argues that the sentencing court's focus on the number of her prior offenses -- and not the nature of those mostly petty prior financial offenses -- was contrary to the commentary to that section which states, in relevant part, that in determining an upward departure from Criminal History Category VI, "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." U.S.S.G. § 4A1.3, comment. (n.2(B)). Clemons also argues that the sentencing court overemphasized the 18 U.S.C. § 3553(a) factors of deterrence

_____

[*]The sentencing court failed to elicit objections after the sentence was imposed as is required by United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled in part on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993). In the usual case, when the district court fails to follow the mandate of Jones, this Court will vacate the sentence and remand to allow the parties an opportunity to present their objections. Id. at 1103. The procedure outlined in Jones serves the dual purpose of allowing the district court to correct a sentencing error on the spot and to guide appellate review. See United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991). When, however, the record on appeal is sufficient to enable review, remand serves no purpose. See id.

The objections to sentence raised in Clemons's appeal were objections first raised by Clemons in response to the PSI and again at the sentencing hearing. Clemons identifies no additional objections she would make should this Court remand. Because the arguments raised on appeal are sufficiently developed in the record, no remand is required.

and public protection and paid scant attention to other considerations, such as Clemons's age and health.

We review a district court's decision to depart upwardly from the guidelines range for an abuse-of-discretion. United States v. Magluta, 418 F.3d 1166, 1184 (11th Cir. 2005). We review a final sentence for reasonableness in the light of the 18 U.S.C. § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). And that reasonableness review requires us to apply a highly deferential abuse of discretion standard. See Gall v. United States, 128 S.Ct. 586, 591 (2007).

The record supports fully the sentencing court's finding that Clemons's criminal history and the section 3553(a) factors warranted an upward departure. As the sentencing court noted, Clemons was sentenced 54 times -- in some cases on multiple accounts -- over a 42-year period. Many of these sentences involved offenses similar to the charges to which she pled guilty in the instant case. The sentencing court focused both on the substance of the convictions in Clemons's criminal history and the shear volume of convictions. And it noted also that brief periods of incarceration imposed in the past had failed to deter Clemons's criminal behavior. Clemons's 42-year pattern of similar financial crimes was not adequately represented in a criminal history category of VI. The record supports

an upward departure; and the magnitude of the departure was reasonable.  See

United States v.  Dixon, 71 F.3d 380, 381 (11ᵗʰ Cir.  1995).

The sentencing court acknowledged that it had considered the section

3553(a) factors and Clemons's characteristics in determining her sentence; it

spoke specifically about the section 3553(a) factors of deterrence, protection of the

public from further crimes by Clemons, and the need for a sentence that reflects

the nature and circumstances of the offense.  No requirement exists that the

sentencing court mention all of the section 3553(a) factors.  See United States v.

Scott, 426 F.3d 1324, 1329 (11ᵗʰ Cir.  2005).  And the weight accorded to the

section 3553(a) factors is within the sentencing court's discretion.  See United

States v.  Amedeo, 487 F.3d 823, 832 (11ᵗʰ Cir.),  cert. denied, 128 S.Ct.  671

(2007).  As the party challenging the reasonableness of the sentence, Clemons

bears the burden of establishing that the sentence imposed was unreasonable in the

light of the record and the section 3553(a) factors, see United States v. Talley, 431

F.3d 784, 788 (11ᵗʰ Cir.  2005); she failed to do so.

AFFIRMED.