[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14435
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00019-WKW-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMARIO COFFIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 15, 2018)

Before TJOFLAT, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Demario Coffie appeals his three-month sentence based on a conviction for possessing a cell phone as an inmate in a federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(4).  On appeal, he argues that the district court clearly erred by refusing to apply a two-level reduction for acceptance of responsibility under § 3E1.1(a) of the United States Sentencing Guidelines.  After careful review, we affirm.

I.

The government charged Coffie with violating 18 U.S.C. § 1791(a)(2) and (b)(4) by possessing a cell phone in prison.  Coffie pled not guilty to the charge. The case proceeded to trial, but the district court declared a mistrial after the jury failed to return a verdict.

After the first trial, the government interviewed another inmate who identified himself and Coffie in eight photographs found on the cell phone at issue and taken in the prison stairwell.  Three days before a second trial, Coffie pled guilty.

Before sentencing, the probation office prepared a presentence investigation report.  The probation officer calculated that Coffie's base offense level was six and concluded that no adjustments should be made because "as of completion of the presentence investigation, the defendant ha[d] not clearly demonstrated acceptance of responsibility for the offense."  He determined Coffie had "initially

denied the essential factual elements of guilt . . . and proceeded to trial" and that Coffie moved to change his plea "after the United States discovered additional evidence related to the case." The probation officer calculated a criminal history category of III. That category, along with the offense level of six, resulted in a guideline range from two to eight months. Coffie objected to the officer's decision to not apply a two-level reduction to his offense level for acceptance of responsibility under USSG § 3E1.1(a).

The district court held a sentencing hearing on September 14, 2017. During that hearing, the district court overruled Coffie's objection. The court explained that Coffie had put the government to trial once, resulting in a mistrial, and only pled guilty to the same charge "three days before a second trial, which probably required the government to prepare for the second trial as well." The court therefore concluded that Coffie was not entitled to a two-level reduction for acceptance of responsibility. The court then sentenced Coffie to a three-month term of imprisonment to run consecutively to his current term of imprisonment. See 18 U.S.C. § 1791(c). Coffie objected to the sentence and this appeal followed.

## II.

On appeal, Coffie contends the district court clearly erred by not applying an acceptance-of-responsibility reduction.

3

We review a district court's decision about whether to apply a reduction for acceptance of responsibility for clear error.  United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (per curiam).  Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility," its determination "is entitled to great deference on review."  USSG § 3E1.1 cmt. n.5; United States v. Tejas, 868 F.3d 1242, 1247 (11th Cir. 2017) (per curiam).

When it applies, Guidelines § 3E1.1(a) authorizes a two-level reduction to a defendant's offense level.  To receive the reduction, the defendant must "clearly demonstrate[] acceptance of responsibility for his offense."  USSG § 3E1.1(a). "The determination of whether a defendant has adequately manifested acceptance of responsibility is a flexible, fact sensitive inquiry."  United States v. Wright, 862 F.3d 1265, 1279 (11th Cir. 2017) (quotation omitted).  "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea."  Id. (quotation omitted); United States v. Cruz, 946 F.2d 122, 126 (11th Cir. 1991); see USSG § 3E1.1 cmt. n.3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.").  The timeliness of a defendant's acceptance of responsibility is a relevant consideration under § 3E1.1(a).  USSG § 3E1.1 cmt. n.6.  A defendant may be denied an adjustment if he puts the government to its burden of proof at trial, is

4

convicted, and only then admits guilt and remorse. Tejas, 868 F.3d at 1247 (citing USSG § 3E1.1 cmt. n.2).

Coffie's main argument on appeal is that the district court erred by equating his decision to proceed to trial with a challenge to the factual basis of the government's charge. Coffie says the first trial was only an effort to hold the government to its burden of proof, and he explains he never made any statements denying the factual basis for the charge either before or during the trial. Coffie says he should receive the reduction because he pled guilty before the second trial and that the timeliness of that plea should be judged in relation to that trial.

Ordinarily, going to trial is a challenge to the factual basis for the government's charge. See Tejas, 868 F.3d at 1247.[1] "In rare situations, a defendant may clearly demonstrate acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial," id., such as when the defendant proceeds to trial "to assert and preserve issues that do not relate to factual guilt." USSG § 3E1.1 cmt. n.2. There's nothing in the record suggesting Coffie went to trial for that reason, and Coffie has argued on appeal that he did so only to put the government to its burden of proof.

But regardless of whether going to trial was a challenge to the factual basis of the charge, Coffie presented no evidence or argument that he had accepted

---

[1] "Conviction by trial, however, does not automatically preclude a defendant from consideration for [an acceptance-of-responsibility] reduction." USSG § 3E1.1 cmt. n.2.

responsibility besides his guilty plea.  And no one is entitled to the acceptance-of-responsibility reduction solely for pleading guilty.  Cruz, 946 F.2d at 126.  Although a guilty plea is "significant evidence" of acceptance of responsibility, it does not entitle Coffie to the reduction "as a matter of right."  USSG § 3E1.1 cmt. n.3.  Coffie did not carry his burden to show that he was entitled to the reduction, therefore the district court did not clearly err.

**AFFIRMED.**