[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10084
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00168-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN PIERRE VALERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 14, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

John Pierre Valera appeals his 60-month sentence, imposed above the advisory guideline range of 12 to 18 months' imprisonment, as calculated in the presentence investigation report, after pleading guilty to access-device fraud. Valera argues that his sentence is both procedurally and substantively unreasonable.   After careful review, we vacate and remand for resentencing because the record is insufficiently developed for meaningful appellate review.

## I.

We first address the government's contention that plain-error review applies to Valera's procedural-reasonableness arguments because he did not object to procedural reasonableness at sentencing.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (applying plain-error review to a procedural-reasonableness challenge).   Under plain-error review, the appellant bears the burden of showing an error that is plain under existing law and that affected his substantial rights—i.e., an obvious error that affected the outcome of the proceedings.  *See id.*

But in order for plain-error review to apply, the party must have been "offered the opportunity to object."  *United States v. Jones*, 899 F.2d 1097, 1102-03 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*).   Here, although Valera does not raise the technical violation of this Court's decision in *Jones*, he asserts that he did not have

2

an opportunity to object after the court imposed sentence, and we find that a *Jones* violation occurred in this case.  *See United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991) (noting a technical violation of *Jones* despite the appellant's failure to raise the issue on appeal); *see also United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (same).  This Court in *Jones* held that

> the district court must give the parties an opportunity not only to resolve the objections contained in the addendum but also—after the court states its factual findings, applies the guidelines, and imposes sentence—to object to the district court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced.  This will serve the dual purpose of permitting the district court to correct on the spot any error it may have made and of guiding appellate review.

*Jones*, 899 F.2d at 1102.

In this case, as in *Cruz*, "*Jones* is applicable to [Valera] because the district court summarily concluded the sentencing hearing without giving [Valera] the opportunity to object to its ultimate factual findings and legal conclusions." *Cruz*, 946 F.2d at 124 n.1.  After the court pronounced sentence, it asked Valera personally if he had anything he wanted to say, and when Valera responded that he did not, the court turned to defense counsel, stating, "Mr. Chang?"  Defense counsel requested that Valera be allowed to self-surrender, which the court opposed.  The court asked the prosecutor about forfeiture and then directed the courtroom deputy to call the next case.  As the deputy began calling the next case,

3

defense counsel attempted to object to the reasonableness of Valera's sentence, but was interrupted mid-statement by the court's terse comment, "They're noted."

The district court's general question to defense counsel, "Mr. Chang?", does not satisfy *Jones*, even if it is read as a continuation of the court's earlier question to Valera.  "In applying the *Jones* rule, this court has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated *Jones*."  *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).  The court's comment here similarly fails to elicit fully articulated objections.  The fact that Mr. Chang raised the issue of self-surrender does not cure the violation, given that it was not an objection but a request unrelated "to the district court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced."  *Jones*, 899 F.2d at 1102.  "Based on this exchange, there is no indication that defense counsel understood the court to be eliciting objections."  *Campbell*, 473 F.3d at 1348.  Accordingly, we hold that the district court failed to comply with the procedure announced in *Jones*.  As a result, plain-error review does not apply.  *See id.*

**II.**

Ordinarily, if a *Jones* violation occurs, we "vacate the sentence and remand to the district court to give the parties an opportunity to present their objections."

4

*Campbell*, 473 F.3d at 1347.  Nevertheless, remand is unnecessary if the record is sufficient for meaningful appellate review.  *Id.*; *Johnson*, 451 F.3d at 1242; *Cruz*, 946 F.2d at 124 n.1.  In this case, we conclude, for the reasons explained below, that the record is insufficiently developed for meaningful review.

On appeal, Valera contends that the district court committed the following errors:  (1) failed to calculate the guideline range, (2) failed to consider or reference the 18 U.S.C. § 3553(a) sentencing factors;  and (3) imposed a sentence, based on legally insufficient reasons, that is greater than necessary to serve the purposes of sentencing.

Generally, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.* at 51, 128 S. Ct. at 597.  Assuming that the court's sentencing decision was procedurally sound, we then review, with deference to the district court, whether the sentence was substantively reasonable

under the totality of the circumstances and in view of the § 3553(a) sentencing factors. *Id.*

Here, the record reflects several procedural deficiencies in the brief sentencing hearing.[1] First, the district court did not state the applicable guideline range. *Gall* explains that sentencing courts "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which is "the starting point and the initial benchmark." *Id.* at 49, 128 S. Ct. at 596; *see Pugh*, 515 F.3d at 1190 ("[N]ot only must the district courts consult th[e] Guidelines and take them into account when sentencing, they must properly calculate the Guidelines range *and* includ[e] an explanation for any deviation from the Guidelines range." (citations and internal quotation marks omitted)). The failure to calculate the guideline range is a "significant procedural error." *Gall*, 552 U.S. at 51; 128 S. Ct. at 597; *see Campbell*, 473 F.3d at 1349 (vacating a sentence as procedurally unreasonable because the district court never stated the guideline range or mentioned the word "Guidelines"). Although we can infer from the district court's comments at sentencing that the court considered the guideline range reflected in the presentence investigation report ("PSR"), the court should have resolved Valera's guidelines objection and calculated the guideline range on

---

[1] The record reflects that the sentencing hearing lasted for seven minutes.

the record before pronouncing sentence.  *See Gall*, 552 U.S. at 49-50, 128 S. Ct. at 596-97; *Pugh*, 515 F.3d at 1190.

Second, the district court did not explicitly reference the sentencing factors under 18 U.S.C. § 3553(a).  In sentencing a defendant, the court must "consider all of the § 3553(a) factors" and "make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 49-50, 128 S. Ct. at 596-97.  We do not require courts to reference or discuss each factor explicitly.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Rather, we have held that it is generally sufficient for the court to "explicitly acknowledge[] that it had considered [the defendant's] arguments at sentencing and that it had considered the factors set forth in § 3553(a)."  *Id.* at 1330.  In this case, the district court made no such explicit acknowledgement of the § 3553(a) on the record, nor did the court "allow[] both parties to present arguments as to what they believed the appropriate sentence should be" before imposing sentence.  *Gall*, 552 U.S. at 53, 128 S. Ct. at 598; *see* Fed. R. Crim. P. 32(i)(1)(C) (requiring the district court to allow the parties to comment on "matters relating to an appropriate sentence").

Nevertheless, as the government points out, the failure to reference the § 3553(a) factors, like the failure to state the applicable guideline range, does not render a sentence unreasonable if the record demonstrates that the district court complied with its procedural obligations.  The government relies on *United States*

7

*v. Dorman*, 488 F.3d 936 (11th Cir. 2007), to argue that the district court in this case adequately considered the § 3553(a) factors. In *Dorman*, the district court similarly failed "to explicitly articulate that it had considered the § 3553(a) factors." *Id.* at 944. On appeal, we concluded that the sentence was reasonable because the court "considered a number of the sentencing factors" "by virtue of the court's consideration of Dorman's objections and his motion for a downward departure." *Id.* We also noted that the court had calculated the guideline range accurately and sentenced Dorman within that range and had considered the parties' arguments at sentencing, among other considerations. *Id.*

The record in this case reflects that the district court did consider some of the sentencing factors, including deterrence, 18 U.S.C. § 3553(a)(2)(B), and the nature and circumstances of the offense, *id.* § 3553(a)(1). However, two main differences distinguish this case from *Dorman*. First, the district court did not state the guideline range, nor did it sentence Valera within the 12-to-18-month range reflected in the PSR. Second, the district court in this case did not hear arguments from the parties as to an appropriate sentence before sentencing Valera to 60 months' imprisonment, and then it failed to elicit fully articulated objections as required by *Jones*.[2] As a result, we cannot, as we did in *Dorman*, look to Valera's

---

[2] We note that the district court appears to have given no indication to the parties that it was considering upwardly varying from the guideline range. Such notice is not required when the court imposes a variance, *Irizarry v. United States*, 553 U.S. 708, 714-16, 128 S. Ct. 2198,

8

arguments at sentencing to establish that the court adequately considered the § 3553(a) factors.

Finally, even if the record were sufficient to show that the court considered both the applicable guideline range and the § 3553(a) factors, we also conclude that the district judge's explanation for the chosen sentence fails "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. The sentencing judge's explanation of the sentence is particularly important where, as here, the court varied from the guideline range, because we must determine whether the variance was supported by "sufficient justifications." *United States v. Brown*, 772 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Gall*, 552 U.S. at 46, 128 S. Ct. at 594).

At the sentencing hearing, after Valera's allocution, the judge explained the reasons for the sentence as follows:

> This kind of crime has gone viral in the United States and it has got to be stopped.
>
> You claim—or your attorney claims that you're a minor participant. However, you had a skimmer. A

---

2202-03 (2008), but "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." *See id.* at 715, 128 S. Ct. at 2203. Here, the lack of notice was likely more prejudicial than in most cases because Valera had executed a plea agreement with a sentence-appeal waiver, the government had agreed to recommend a within-guideline sentence, the PSR did not identify any grounds for a variance, and the court's reasoning for the variance appears to have been based primarily on a policy disagreement with the guidelines, not on Valera's individual circumstances.

skimmer has absolutely no purpose except a criminal purpose: To steal people's identity [sic].

And you were such a coward that you had to go out and find somebody else to do your dirty work for you, to steal people's identities.

The Court rejects the guidelines in this case as being outdated because of the total viral sense of this type of robbery of people's identities, and it just has to stop.

Under the statute, you have an exposure of ten years in the Bureau of Prisons, but because you have a criminal history category I, the Court is going to reject the guidelines as being unreasonable.

The Court feels that the guideline commission has not realized the epidemic effect of this type of criminal activity that has just gone through the whole country, that makes people afraid to even use their credit cards because of people using these skimmer devices that you have.

So the Court is going to sentence you to five years in the Bureau of Prisons, a three years' supervised release term, restitution of $15,101.18 payable at $100 a month, plus a $100 special assessment, and no voluntary surrender.

Valera contends that this reasoning is legally insufficient because his conduct was within the heartland of the guideline range for access-device fraud offenses, and because the judge did not express a valid policy disagreement with the guidelines. Instead, Valera asserts, the judge simply substituted his "own personal opinion for that of the [Sentencing] Commission's expertise."

10

In *United States v. Irey*, we recognized that the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007), "allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong." 612 F.3d 1160, 1212 (11th Cir. 2010) (*en banc*). Yet, a district court's rejection of the guidelines based on a policy disagreement with those guidelines usually is subject to closer scrutiny on appellate review. *Id.* at 1188. This is because the Sentencing Commission and sentencing courts have "discrete institutional strengths." *Kimbrough*, 552 U.S. at 109, 128 S. Ct. at 574. The Commission "has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* The sentencing judge, on the other hand, is in a superior position to apply the § 3553(a) factors in a particular case. *Id.*

Consequently, "decisions to vary may attract greatest respect when the sentencing judge finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply." *Irey*, 612 F.3d at 1188 (internal quotation marks omitted). "By contrast, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." *Id.* (internal quotation marks omitted).

11

Here, we cannot tell from the judge's reasoning whether he found that Valera's particular case was outside of the heartland of cases covered by the guideline range, whether this was a "mine-run" case for which the guideline range fails properly to reflect § 3553(a), or whether the sentence reflects some combination of grounds. The judge primarily appears to have found that the access-device fraud guidelines themselves are unreasonable. But the judge also referenced aspects of the offense, including Valera's use of a skimmer, and somewhat cryptically told Valera that, "because you have a criminal history category I, the Court is going to reject the guidelines as unreasonable." Putting aside the question of whether the lack of a criminal history could justify an upward variance, it is unclear why a defendant's criminal history category (which is variable)—in contrast to the base offense level (which is constant)—would affect the judge's assessment of whether the access-device fraud guidelines, as a matter of policy, are unreasonable.

Because we are unable to determine with any certainty the grounds for the district court's upward variance, we do not know how much deference to give to the district court's sentencing determination, *see Irey*, 612 F.3d at 1188, nor do we know with clarity what facts or conclusions are relevant in assessing whether the variance is supported by "sufficient justifications," *see Brown*, 772 F.3d at 1266.

12

## III.

Under the circumstances of this case, and viewing the procedural errors and abnormalities cumulatively, we find that the record is insufficient for meaningful review.  Consequently, we vacate the sentence and remand for resentencing.  *See Campbell*, 473 F.3d at 1347-49.

**VACATED AND REMANDED.**