[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14462
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00114-GKS-GJK-2

UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

NEFTALI ESAU BILLY OQUENDO,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Neftali Esau "Billy" Oquendo appeals his sentence of 90 months of imprisonment, which the district court imposed after he entered a plea of guilty to conspiring to commit access device fraud. 18 U.S.C. § 1029(b)(2). Oquendo challenges the procedural and substantive reasonableness of his sentence. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *United States v. Azmat*, 805 F.3d 1018, 1047 (11th Cir. 2010). We ensure that the district court committed no significant procedural error, such as failing to calculate the guideline range or to explain the chosen sentence, and then we examine whether the sentence is substantively reasonable in the light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)). We will not disturb the sentence unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

2

Oquendo's sentence is procedurally and substantively reasonable. Oquendo downloaded to a laptop the credit card data of retail customers that a coconspirator copied onto a skimming device; stored blank credit cards and access device equipment at his home; and was compensated with counterfeit credit cards encoded with stolen identity information. Oquendo argues that the district court failed to explain its chosen sentence, but the district court explained at sentencing and in its statement of reasons that it imposed the maximum statutory penalty to punish Oquendo's "onerous and terrible crime," which involved 2,100 victims and losses exceeding $1.2 million, and to deter future "access fraud and skimming." *See* 18 U.S.C. § 3553(a). The district court reasonably determined that a variance three months above the high end of Oquendo's guideline range of 70 to 87 months was required to impose adequate punishment, to promote respect for the law, and to protect the public. *See United States v. Rodriguez*, 628 F.3d 1258, 1264–65 (11th Cir. 2010). The district court did not abuse its discretion by sentencing Oquendo to 90 months of imprisonment.

We **AFFIRM** Oquendo's sentence.