[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10083

_____

D.C. Docket No. 6:14-cr-00174-GKS-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH LINKEL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____


(February 2, 2016)


Before TJOFLAT and ROSENBAUM, Circuit Judges, and RESTANI,[*] Judge.

_____

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade,
sitting by designation.

PER CURIAM:

Elizabeth Linkel ("Linkel") appeals her sentence of sixty months' imprisonment after pleading guilty to access device fraud, under 18 U.S.C. § 1029(a)(2).  See 18 U.S.C.  § 1029(c).  Linkel argues that her sentence is both procedurally and substantively unreasonable.  She also argues that this case should be reassigned to a different district judge on remand.  Because we determine, and the parties agree, that Linkel's sentence was procedurally unreasonable, we do not reach the issue of substantive reasonableness, as the record does not provide for meaningful review of that issue.  We vacate and remand for resentencing without direction of reassignment.

## I.

We review the reasonableness of a sentence under the abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 51 (2007).  A district court commits "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id. at 51.

The district court committed several procedural errors in this case.  First, the district court failed to calculate the Guidelines range for Linkel.  Although "the

Guidelines should be the starting point and the initial benchmark" of any sentence, id. at 49, here the district court never even mentioned Linkel's Guidelines range of twelve to eighteen months. Instead, the district court cursorily mentioned the Guidelines, stating only that "the guidelines are not presumed to be reasonable" and that she "ha[d] an exposure of ten years." Doc. 48 at 12. These statements are not sufficient to demonstrate that the district court used the Guidelines range as a benchmark.

Second, the district court failed to consider the § 3553(a) factors. The district court was required to consider those factors "to determine whether they support the sentence" and "make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. Linkel is a first time offender, has two children, requested probation or alternatively home confinement, and cooperated with law enforcement. The government requested a guideline sentence. Rather than apply the § 3553(a) factors to Linkel's case, the district court spoke generally about the nature of identity and credit card theft, but failed to reference any of Linkel's potentially mitigating circumstances. Tellingly, Linkel's co-defendant, and the person who recruited her to commit the crime of access device fraud, received the same sixty-month sentence, despite the more serious nature of his involvement in the crime. The district court, therefore, appears not to have considered the § 3553(a) factors as they relate to Linkel.

Third, the district court failed to adequately explain the chosen sentence, which contained a forty-two month upward variance. The district court "must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion" to demonstrate that any variance is supported by "sufficient justifications." Gall, 552 U.S. at 46. To justify the sentence, the district court stated only its belief that "the guidelines are not reasonable" because they were "set out . . . before this credit card fraud has gone viral in this country." Doc. 48 at 12. This statement, in the light of the clear Guidelines range, does not adequately explain a forty-two month upward variance, from eighteen months to sixty. Kimbrough v. United States, 552 U.S. 85, 109 (2007) (recognizing the expertise of the Sentencing Commission and stating that a "closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations'"). In the absence of such explanations or justifications, the record does not "allow for meaningful appellate review" in this case. Gall, 552 U.S. at 50.

Thus, the district court abused its discretion by committing significant procedural errors. As we have done in similar cases, we decline to reach the substantive reasonability of Linkel's sentence, finding instead that the record is insufficient for meaningful review of her sentence. See, e.g., United States v.

4

Cruz, No. 14-15776 (11th Cir. Jan. 6, 2016). Instead, we remand to the district court to resentence Linkel.

## II.

We may "order reassignment of a criminal case to another district judge as part of our supervisory authority over the district courts in this Circuit." United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989) (citing 28 U.S.C. § 2106). When there is no actual bias, we consider the following factors: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." United States v. Gupta, 572 F.3d 878, 891 (11th Cir. 2009) (quoting Torkington, 874 F.2d 1447).

Linkel has failed to demonstrate that reassignment, in this case, is appropriate. The district judge in this case has demonstrated his ability to properly sentence individuals convicted of access device fraud, see United States v. Oquendo, No. 14-14462, 2016 WL 209861, at *1 (11th Cir. Jan. 19, 2016), even having reduced the sentence of Linkel's co-defendant to twenty-six months. Therefore, based on the first two factors alone, it appears that the district judge will be able to avoid the procedural errors discussed above. On remand, the district court shall start with the Guidelines range as a benchmark, and if the district court

5

determines that a variance is appropriate, it shall state what the purpose of the

variance is and provide an adequate explanation for any such variance.[1]

**VACATED AND REMANDED.**

---

[1] This is not a case where the record reveals that the district court intended to impose a sentence that departed from the Guidelines by engaging in the relevant procedure and analysis.  Instead, as discussed above, the district court appears to have intended to impose an upward variance.