[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12658
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00046-CG-C-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY CLINTON CARTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 19, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Harry Clinton Carter appeals his 24 month sentence, imposed after the district court revoked his supervised release, pursuant to 18 U.S.C. § 3583(e)(3). He argues that the district court issued a procedurally and substantively unreasonable sentence. After a thorough review of the record and the parties' briefs, we affirm Carter's sentence.

## I. BACKGROUND

Carter pled guilty to one count of possession of crack cocaine with intent to distribute and was sentenced to 43 months' imprisonment and three years' supervised release. The conditions of his supervised release required him to participate in a drug treatment program, submit to drug tests, refrain from using controlled substances, and refrain from associating with anyone engaging in criminal conduct.

Carter commenced his supervised release in 2011. In March 2012, Carter tested positive for cocaine and marijuana and admitted to using those drugs. His probation officer placed him in group counseling as a result. The following September, Carter was charged with criminal mischief and domestic violence after getting into an argument with his girlfriend. Consequently, the district court ordered that Carter submit to electronic location monitoring. One month after that,

2

Carter again tested positive for cocaine, and his probation officer placed him in a residential drug treatment program.

Unfortunately, Carter continued to struggle with his drug addiction. Around the end of March 2013, he left the area monitored by his electronic monitoring device and tested positive for cocaine once more. After Carter waived his right to a revocation hearing and admitted to having violated the terms of his supervised release on numerous occasions, the district court revoked his supervised release and sentenced him to eight months' imprisonment followed by 28 months' supervised release.

After being released, Carter once again tested positive for cocaine in January 2015, but he denied having used any illegal drugs. The district court nevertheless allowed him to remain on supervised release, and his probation officer referred him to an outpatient substance abuse treatment program. Carter's probation officer warned him that this was his final opportunity to receive substance abuse treatment.

The treatment was, regrettably, unsuccessful. In April 2015, Carter tested positive for cocaine and failed to attend his outpatient treatment sessions. He also failed to report to, and ignored calls and messages from, his probation officer. The outpatient substance abuse program eventually discharged him for failing to attend treatment sessions. Carter's probation officer reported Carter's violations to the

3

district court and asked the court to revoke his supervised release. Considering the nature of Carter's violation and his criminal history, Carter's Violation Worksheet calculated a Sentencing Guidelines range of four to 10 months' imprisonment. The statutory maximum sentence was 24 months' imprisonment.

Carter waived his right to a revocation hearing and admitted to the probation officer's allegations. At his sentencing hearing, Carter described how he lost his job and consequently became unable to afford to pay for his car, housing, or phone. He explained that he failed to attend his treatment sessions because he was attempting to find a new job and lacked a means of transportation. He asked for a sentence within the range established by the Sentencing Guidelines.

The district court revoked Carter's supervised release. The court stated that Carter had exhibited a pattern of supervised release violations and that, despite his probation officer's repeated attempts to assist him in treating his addiction, Carter had failed to complete his drug treatment program and to report to the probation officer. As a result, the court determined that a sentence within the range indicated by the "chapter seven provisions" of the Sentencing Guidelines was inappropriate because Carter was exhibiting the "same conduct" he had exhibited before his previous revocation. Revocation Hr'g Tr. at 6 (Doc. 278).[1] The district court sentenced Carter to 24 months' imprisonment, the statutory maximum. Carter

---

[1] "Doc." refers to the docket entry in the district court record in this case.

4

objected that the court's upward variance was unreasonable and filed a timely appeal.

## II. DISCUSSION

"Pursuant to 18 U.S.C. § 3583(e), upon finding that a defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment" after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3583(e), 3553(a). When the district court determines that a variance from the guidelines range is appropriate, it must then consider the extent of the variance and ensure that there is a sufficiently compelling justification for it. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *Id*. The party challenging the sentence bears the burden of

5

showing it is unreasonable in the light of the record and the relevant factors. *Id.* Carter contends that his sentence is both procedurally and substantively unreasonable. We address these arguments in turn.

## A. Procedural Reasonableness

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Carter contends that the district court committed two procedural errors. First, he argues that the district court failed to explain adequately the basis of his sentence. Second, he argues that the district court failed to calculate or otherwise explicitly reference the applicable Sentencing Guidelines range during his sentencing hearing. Neither argument merits relief.

Carter is correct that a district court must explain its reasons for imposing a particular sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007); 18 U.S.C. § 3553(c)(1). This explanation, however, need not be exhaustive. Rather, an acknowledgement by the court that it has considered the defendant's arguments and the factors listed in § 3553(a) will satisfy this requirement. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). Moreover, "[t]he district court need

6

not state on the record that it has explicitly considered each factor and need not discuss each factor." *Id.* We typically conclude that a district court failed to adequately explain a sentencing decision only "when the record contain[s] no evidence that the district court had considered, or the defendant had even raised, the applicability of any of the § 3553(a) factors." *United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009). We conduct a *de novo* review of the sufficiency of a district court's explanation of a defendant's sentence, even if the defendant did not object before the district judge. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

We are satisfied that the district court's explanation of its sentencing decision, although undeniably terse, fulfills this minimal requirement. The court heard and considered Carter's arguments for why he should receive a sentence within the guidelines range. Carter's counsel explained that Carter's violations of his supervised release conditions largely stemmed from his loss of employment and his consequent inability to make car, rent, or phone payments. Carter himself expressed remorse and apologized for his conduct.

Apart from considering Carter's and his counsel's presentations, the court also noted that Carter's probation officer "did everything [he] could to help [Carter] get off . . . drugs" and that, while Carter "took advantage of that for a little while," he eventually "went off the deep end" and not only "fail[ed] to participate

with the drug treatment program" but "fell out of contact with probation" as well. Revocation Hr'g Tr. at 6 (Doc. 278). The court then considered the advisory sentencing range, referencing the policy statements in the "chapter seven provisions" of the Sentencing Guidelines, and found the guidelines range inappropriate because Carter was exhibiting "the same conduct" he had exhibited when the court revoked his supervised release two years earlier. *Id.*

Although the district court never explicitly referenced the § 3553(a) factors, the record clearly demonstrates that the court weighed them, both in considering Carter's arguments and in deciding that a variance was appropriate. Carter's failure to attend his treatment program, inability or refusal to remain in contact with his probation officer, and consistent pattern of non-compliance with the terms of his supervised release all concern the nature and circumstances of his offenses, his personal history and characteristics, and the likelihood he would commit additional violations in the future. In other words, although the district court "fail[ed] to articulate specifically the applicability . . . of each of the section 3553(a) factors, . . . the record demonstrates that the pertinent factors were taken into account." *Smith*, 568 F.3d at 927. That is all the law requires. *See Tome*, 611 F.3d at 1378-79 (affirming as sufficient a district court's explanation that it was imposing an upward variance based on the defendant's admission to repeated violations of his supervised release).

8

We also reject Carter's second procedural unreasonableness argument, that the district court failed to calculate any guidelines range.  At sentencing, Carter objected that the district court's "upward departure from the guideline range [was] unreasonable." Revocation Hr'g Tr. at 7 (Doc. 278).  This objection failed to challenge the *procedural* unreasonableness of Carter's sentence.  As a result, we review for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To prevail on plain error review, Carter must demonstrate "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* (alterations and internal quotation marks omitted).  "An error that affects substantial rights is one that affected the outcome of the district court proceedings."  *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (internal quotation marks omitted).  "If all three conditions are met, [we then decide whether] the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 631 (2002) (internal quotation marks omitted).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although we have held in several unpublished decisions that a district court's failure to state the applicable guidelines range at sentencing constitutes

9

procedural error,[2] we have never addressed the issue in a published decision. Thus, even if we assume that there was error here, Carter cannot demonstrate that the error was plain.[3] *See Vandergrift*, 754 F.3d at 1309.

Significantly, even were we to determine that the district court committed plain error, Carter failed to establish that the error affected his substantial rights or "the fairness, integrity, or public reputation of judicial proceedings." *Cotton,* 535 U.S. at 631 (internal quotation mark omitted). Carter does not argue that the probation office miscalculated his guidelines range, that he and his counsel were unaware of the applicable guidelines range, or that the district court was unaware it was applying a significant upward variance when sentencing him. To the contrary, it is clear from the record that defense counsel argued for and the court considered and rejected the applicable guidelines range, even though the court never expressly stated what the range was. The court stated, "I therefore find that the chapter seven provisions, which I have considered, are inappropriate because this is the same conduct that we went through two years ago." Revocation Hr'g Tr. at 6 (Doc. 278). Indeed, Carter's counsel asked for "a sentence within the guideline range,"

---

[2] *See, e.g.*, *United States v. Linkel*, No. 15-10083, 2016 WL 384703, at *1 (11th Cir. Feb. 2, 2016); *United States v. Cruz*, No. 14-15776, slip op. at 3 (11th Cir. Jan. 6, 2016); *United States v. Valera*, 622 F. App'x 876, 878-79 (11th Cir. 2015).

[3] Carter points us to *United States v. Campbell*, but in that case it was impossible to discern from the record whether the district court considered the applicable guidelines range. 473 F.3d 1345, 1349 (11th Cir. 2007). Here, in contrast, after defense counsel argued for "a sentence within the guideline range," the court stated that it had considered "the chapter seven provisions" of the Sentencing Guidelines and deemed them inappropriate in Carter's case. Revocation Hr'g Tr. at 4, 6 (Doc. 278).

which further demonstrates that both counsel and the court knew the court was considering applying a variance. *Id.* at 4. And given Carter's history of drug abuse and repeated non-compliance with the terms of his supervised release, it is hard to imagine that the resulting sentence would have been any different had the district court stated the guidelines range on the record. *See Henderson*, 409 F.3d at 1308. In sum, because Carter has failed to demonstrate the existence of any plain error that affected his substantial rights or the reputation of the judicial system, his procedural unreasonableness challenge cannot survive plain error review.

## B. Substantive Reasonableness

Having determined that the district court's sentencing decision was procedurally sound, we next consider the substantive reasonableness of Carter's sentence under an abuse of discretion standard. *Gall*, 552 U.S. at 51. This standard reflects the due deference we give to district courts because they have an "institutional advantage in making sentencing determinations." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (internal quotation marks omitted). Thus, "[w]e may vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted). That we "might reasonably have concluded that a different

11

sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51. Moreover, we may not presume a sentence is unreasonable merely because it is outside the guidelines range. *Id.* "[I]t is only the rare sentence that will be substantively unreasonable." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted).

A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (internal quotation marks omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). In imposing an upward variance, the district court may consider any information relevant to a defendant's background, character, and conduct. *See Tome*, 611 F.3d at 1379.

Carter contends that his sentence of 24 months' imprisonment was unduly harsh and greater than necessary to achieve the purposes for which revocation sentences are imposed. Although we recognize that Carter's sentence represented a significant variance from the guidelines range, we cannot conclude that the district court committed a clear error of judgment in imposing it.

12

That Carter is attempting to battle his addiction while struggling to find employment is certainly unfortunate, but it does not change the fact that he has consistently and repeatedly failed to abide by the terms of his supervised release. Since commencing his supervised release in 2011, Carter has failed countless drug tests, been charged with criminal conduct, violated his electronic monitoring restrictions, failed to attend treatment sessions, and avoided contact with his probation officer.

Notably, Carter has been provided multiple opportunities to reform his behavior. On the several occasions when he violated the terms of his probation, he was permitted to enter treatment in lieu of revocation. This leniency continued even after the district court initially revoked Carter's probation. Indeed, upon being released for the second time, Carter again violated the terms of his supervised release by failing a drug test—yet he was granted leniency once more and allowed to enter treatment instead of returning to prison. But rather than taking full advantage of the treatment provided to him, he once again reverted back to the same behavior that previously resulted in his arrest and probation revocation.

In sum, Carter has exhibited a persistent pattern of violating the terms of his release and squandering the opportunities afforded him to rehabilitate himself. Even if, as Carter argues, these violations fail to "set [his conduct] apart from any other technical violation revocation case," they are adequate to support his

13

sentence. Appellant Br. at 16-17. The Supreme Court has "forbidden us from requiring extraordinary circumstances to justify" a sentence outside the guidelines range. *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks omitted).

In the light of these facts, we cannot conclude that the district court abused its discretion in deciding that a significant upward variance from the guidelines range was warranted. "[T]he sentence was within the outer bounds of the district court's substantial sentencing discretion—in the ballpark of permissible outcomes." *Id.* at 1257 (internal quotation marks omitted).

## III. CONCLUSION

We conclude that Carter has failed to demonstrate that his sentence is procedurally or substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**