[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15483
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20116-DPG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ANTHONY SILER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 28, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Following resentencing, Richard Siler appeals his 130-month total sentence, imposed 15 months above the top of his advisory guideline range, after a jury found him guilty of use of unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count 6), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 3, 4, and 7).  On appeal, Siler argues that his sentence is procedurally unreasonable because the district court based the upward variance upon a clearly erroneous fact.  Specifically, he contends that the court's statement that the offense involved "thousands of victims and their stolen identifications" is clearly erroneous because he did not steal any personal identification information.

We normally review claims regarding the procedural unreasonableness of a sentence for plain error when no objection was raised at sentencing.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  In *United States v. Jones*, however, we announced that district courts must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law," as well as to "the manner in which the sentence is pronounced."  899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds sub nom. United States v. Morrill,* 984 F.2d 1136 (11th Cir. 1993) (*en banc*).  A district court's concluding question as to whether there is "anything else" is

insufficient and does not comply with the objection-elicitation requirement. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). "Where the district court has not elicited fully articulated objections following the imposition of sentence, this [C]ourt will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." *Jones*, 899 F.2d at 1103. Remand may be unnecessary, however, if the record on appeal is sufficient to enable meaningful appellate review. *United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991). In such a case, this Court will review for preserved error. *See United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (reviewing a defendant's claim *de novo*, rather than for plain error, because the *Jones* violation did not allow him to object in the district court).

As an initial matter, we hold that the district court violated *Jones* when it concluded Siler's sentencing proceeding by asking, "Anything else for today?" However, as discussed below, the record is sufficient to allow meaningful appellate review of the single issue Siler raises on appeal. Thus, despite the *Jones* violation, the merits of Siler's procedural unreasonableness claim will be addressed.

Because the district court violated *Jones*, Siler's claim will be reviewed as if the objection were preserved, under the abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007) (holding that appellate courts must review all sentences under a deferential abuse-

3

of-discretion standard).  The district court's factual findings are reviewed for clear error.  *United States v. McQueen*, 670 F.3d 1168, 1169 (11th Cir. 2012).  A finding of fact is clearly erroneous when, after reviewing all of the evidence, this Court is left with a definite and firm conviction that a mistake has been committed.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  A factual finding cannot be clearly erroneous, however, when the factfinder is choosing between two permissible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).  Even if we find that the district court considered an erroneous factor in sentencing, remand is not automatically required; rather, remand is required only if the sentence was imposed as a *result* of the error.  *Williams v. United States*, 503 U.S. 193, 202-03, 112 S. C. 1112, 1120, 117 L. Ed. 2d 341 (1992) (emphasis in original).

Siler does not argue that his sentence is substantively unreasonable. Moreover, he does not demonstrate that his sentence is procedurally unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  In formulating the appropriate sentence, the court acknowledged the correctly calculated guideline range and considered arguments from both parties as well as Siler's allocution.  In addition, the court articulated specific § 3553(a) factors in justifying the upward variance.  The court's statement concerning "victims and their stolen identifications" injected no error into the decision-making process.  The language

may be subject to multiple interpretations and is not clearly erroneous considering the offenses for which Siler was convicted.  In addition, the record demonstrates that the court did not assign the comment in question great weight.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**