[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13873

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAUL PEREZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20127-JLK-1

————————————————

Before ROSENBAUM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Raul Perez appeals his 217-month total imprisonment sentence for carjacking that resulted in serious bodily injury, in violation of 18 U.S.C. § 2119(2), and brandishing or discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii).  He first argues the district court clearly erred by denying him an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1(a) based on the finding that his inability to remember the crime, due to a car accident immediately after the offense that rendered him unconscious, was inconsistent with accepting responsibility.  Perez further argues the district court abused its discretion and imposed a substantively unreasonable sentence because it failed to give due weight to his remorsefulness and mitigating personal history.  Having read the parties' briefs and reviewed the record, we affirm Perez's sentence.

**I.**

We review for clear error a district court's findings regarding an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017).  We will not disturb a district court's findings under clear error review "unless we are left with a definite and firm conviction that a mistake has been committed."  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted).  Further, we rarely find clear error when the basis of the district court's decision is

supported by the record and does not misapply the law. *United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (*en banc*).

Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is "entitled to great deference on review." *Tejas*, 868 F.3d at 1247; *see* U.S.S.G. § 3E1.1, comment. (n.5). The district court's decision on acceptance of responsibility will not be overturned unless the facts in the record clearly establish that the defendant accepted personal responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). The defendant bears the burden of proving he clearly accepted responsibility. *Id.* Further, while a district court's decision to grant or deny an adjustment is subject to great deference, the district court errs if it believes it lacks authority to grant the adjustment as a matter of law. *United States v. Mathews*, 874 F.3d 698, 709-10 (11th Cir. 2017).

A two-level decrease to the offense level applies "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). An additional one-level decrease applies if the defendant qualifies for a decrease under § 3E1.1(a), the offense level determined before application of such a decrease is 16 or greater, and the government has filed a motion stating that the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* § 3E1.1(b).

"Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 . . . will constitute significant evidence of acceptance of responsibility . . . ." *Id.,* comment. (n.3).  However, "significant evidence" of acceptance may be outweighed by conduct that is inconsistent with accepting responsibility, and a defendant must present more than just a guilty plea to meet his burden of establishing acceptance of responsibility.  *Id.*

Ultimately, § 3E1.1 "is intended to reward those defendants who affirmatively acknowledge their crimes and express genuine remorse for the harm caused by their actions." *United States v. Carroll*, 6 F.3d 735, 740 (11th Cir. 1993).  The commentary provides a non-exhaustive list of factors to be considered when determining if a defendant accepted responsibility, including whether he has voluntarily paid restitution before adjudication of guilt, voluntarily surrendered to authorities promptly after committing the offense, affirmatively denied relevant conduct, or voluntarily withdrew from criminal conduct.  U.S.S.G. § 3E1.1, comment. (n.1).  The district court may consider a wide range of evidence in determining if the defendant recognizes the wrongfulness of his conduct, has remorse for the consequences, and is willing to turn away from that conduct.  *United States v. Scroggins*, 880 F.2d 1204, 1215-16 (11th Cir. 1989).

Perez contends on appeal that the district court clearly erred by failing to grant him an acceptance of responsibility adjustment. Perez entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68 (1970) (a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense). Perez claims that he entered the *Alford* plea because, due to the memory loss he sustained from the brain injury he suffered following a car accident that occurred after the commission of the carjacking offense, he could not recall the specifics of the offense. Perez argues that despite the memory loss, he did not dispute the government's factual allegations and conceded that the government could prove the elements of the offense at trial, and he did not put the government to its burden of proof at trial. For these reasons, and the fact that he expressed remorse for his actions at sentencing, Perez contends that the district court should have granted him an adjustment for acceptance of responsibility.

The government responds that the district court did not clearly err, and this court should give great deference to the district court's determinations. The government notes that Perez's story changed from his first forensic evaluation where he admitted to the crime to his change of plea hearing where he claimed not to remember the facts of the crime. Although an *Alford* plea does not preclude a finding of acceptance of responsibility, it is a relevant factor in the determination. *See United States v. Rodriguez*, 905 F.2d 372, 374 (11th Cir. 1990) (noting that nothing in the Guidelines

precludes a district court from considering whether a defendant entered a qualified guilty plea when analyzing whether he or she accepted responsibility). *See also United States v. Coe*, 79 F.3d 126, 127-28 (11th Cir. 1996) (recognizing that a defendant's failure to admit to relevant offense conduct because of a lack of memory can preclude the award of an acceptance of responsibility reduction). Thus, the government claims that Perez cannot satisfy his burden of demonstrating that he clearly accepted responsibility for his crimes.

We conclude from the record that the district court did not clearly err when it denied the acceptance-of-responsibility adjustment under U.S.S.G. § 3E1.1(a). The district court based its decision on Perez's inability to concede to the facts of the crime fully and completely and the legal arguments presented by the parties and discussed at length during the sentencing hearing. Although Perez pled guilty, he did not admit to discharging a firearm in public and causing a severe accident by leading police on a car chase. Even though he expressed remorse during his allocution, Perez only apologized for his inability to remember the incident. Further, Perez's guilty plea did not entitle him to an acceptance of responsibility reduction as a matter of right, and there is no indication that the district court believed it did not have the authority to grant the adjustment, *Mathews*, 874 F.3d at 709-10.

Perez had the burden of demonstrating that he had clearly accepted responsibility beyond just his guilty plea. Sawyer, 180 F.3d at 1323. On this record, we cannot say that the district court clearly

erred in finding that Perez did not qualify for an acceptance of responsibility reduction, and we affirm as to this determination.

## II.

We review the substantive reasonableness of sentencing decisions under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable based on the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Under this standard, we may affirm a sentence even though we would have imposed a different sentence had we been in the district court's position. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court abuses its discretion at sentencing when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

We will vacate a district court's sentence "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (citing *Irey*, 612 F.3d at 1190). Although this Court does not presume sentences within the

guideline range are reasonable, we ordinarily expect they will be. *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).

The "overarching" instruction to sentencing courts in 18 U.S.C. § 3553 is that any sentence, whether within the guideline range or through a variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S. Ct. 558, 570 (2007); 18 U.S.C. § 3553(a). The proper factors as set out in § 3553(a) include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a)(1)-(2). The court must also consider the applicable guideline range, any pertinent policy statements from the Sentencing Commission, and the need to avoid unwarranted sentencing disparities between similarly situated defendants and provide restitution to any of the defendant's victims. *Id.* § 3553(a)(3)-(7).

The district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). Failure to discuss mitigating evidence does not indicate that the court "erroneously ignored or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Perez argues on appeal that the district court imposed a substantively unreasonable sentence because the sentence is greater than necessary to achieve the considerations set forth in § 3553(a).

He claims the district court did not properly consider his youth at the time of the offense, his lack of adult criminal history, and his family support. In response, the government argues that the district court properly weighed Perez's age and mental health, as well as the facts of the case, the violence offense conduct, Perez's criminal history, and the need to protect the public in concluding that a sentence at the low end of the guideline range was appropriate. The government contends that the district court gave a sufficient explanation for the imposed sentence and did not abuse its discretion.

We conclude that the record demonstrates that Perez cannot show the district court abused its discretion and that his 217-month total imprisonment sentence is substantively unreasonable because the record demonstrates the district court adequately weighed the § 3553(a) factors in concluding a sentence within Perez's guideline range was appropriate. After hearing the parties' arguments, the district court noted its consideration of Perez's mitigating circumstances, the advisory guideline range, and the § 3553(a) factors. The district court denied Perez's requested downward variance because it found that Perez committed the offense while he was on probation and the offense involved a carjacking. The district court also stated that a sentence at the low end of the guideline range would reflect the seriousness of the offense and Perez's criminal history, deter recidivism, and protect the public. Further, although we do not automatically presume that a sentence within the guideline range is reasonable, we conclude that the 217-month total sentence is substantively reasonable, in part,

because the 97-month sentence for Count One was at the low end of the guideline range and the 120-month sentence for Count Two was the mandated minimum statutory term. *See Perkins*, 787 F.3d at 1342. Accordingly, based on the aforementioned reasons, we affirm Perez's sentence.

**AFFIRMED.**